UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW WILLSON,<br><br>                    Plaintiff,<br><br>v.<br><br>VICTORIA JANOWIECKI,<br><br>                    Defendant. | Case No. 23-10891<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 50) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR ORDER REFERRING CASE FOR MEDIATION (ECF NO. 51)**

Plaintiff Andrew Willson, proceeding *pro se*, sues defendant Victoria Janowiecki[1] under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights, deliberate indifference, and negligence for her failure to provide proper medical care during his custodial stay at Gus Harrison Correctional Facility. ECF No. 1. This case was referred to the assigned magistrate judge for all pretrial matters pursuant to 28 U.S.C. § 636(b). ECF No. 6.

---

[1] Willson agreed to dismiss his claims against all other defendants. *See* ECF No. 49.

On March 1, 2024, the magistrate judge issued a Report and Recommendation (R&R). ECF No. 50. The R&R recommends this action be sua sponte dismissed because Willson has failed to allege facts that Janowiecki's care was grossly inadequate or shocking to the conscience. Willson filed objections to the R&R (ECF No. 52) and a motion for order referring case for mediation. ECF No. 51. For the following reasons, the Court overrules the objections, adopts the R&R, denies Willson's motion, and dismisses his complaint.

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to specifically object to conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474

U.S. 140, 144, 149 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

Here, Willson lists five objections but the Court finds that these objections "fail to identify the specific error[] in the magistrate judge's proposed recommendations….[S]uch objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.,* 2013 WL 1304470 at *3, 2013 (W.D. Mich. Mar. 28, 2013) (citations omitted). Likewise, Willson's unenumerated objection is merely a restatement of his original arguments.

Accordingly, the Court **OVERRULES** Willson's objections (ECF No. 72). The Court has reviewed the record and the R&R for clear error and, finding none, hereby **ADOPTS** the R&R as the findings and conclusions of

this Court. **IT IS ORDERED** the complaint (ECF No. 1) is **DISMISSED,** and Willson's motion for order referring case for mediation (ECF No. 51) is **DENIED AS MOOT.**

Dated: October 31, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge